IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2106-F

| | |
|---|---|
| JAMES ELROY BUTLER, <br><br> Petitioner, <br><br> v. <br><br> TRAVIS OUTLAW, <br><br> Respondent. | **ORDER** |

This matter came before the court on the motion for summary judgment (DE # 8) pursuant to Federal Rule of Civil Procedure 56 of respondent Travis Outlaw ("respondent"). Also before the court are petitioner's motions to compel (DE #s 14, 16). For the following reasons, the court grants respondent's motion, but denies petitioner's motions.

## STATEMENT OF CASE

On March 28, 2002, in the New Hanover County Superior Court, petitioner was convicted of first-degree murder and sentenced to a term of life imprisonment. State v. Butler, 162 N.C. App. 181, 590 S.E.2d 333 (2004). Following his conviction, petitioner filed a direct appeal to the North Carolina Court of Appeals. Id. On January 6, 2004, the court of appeals issued an order finding no error. Id.

On March 8, 2004, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the New Hanover County Superior Court, which was summarily denied on March 15, 2004. Resp't's Mem.

Exs. 5 and 6. The superior court entered a second order summarily denying petitioner's March 8, 2004 MAR on July 19, 2004. Id. Ex. 7.

On October 13, 2010, petitioner filed a *pro se* petition for a writ of habeas corpus in the North Carolina Court of Appeals. Id. Ex. 8. The court of appeals denied petitioner's habeas petition on October 14, 2010. Id. Ex. 9.

On June 2, 2011,[1] respondent filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges in his petition that there was insufficient evidence to support his conviction for first-degree murder. On August 3, 2011, respondent filed a motion for summary judgment, arguing that petitioner's habeas petition was filed outside of the statute of limitations, and therefore is time-barred. Alternatively, respondent argues that the petition is without merit. Petitioner filed a response to respondents motion for summary judgment, in which he alleged a second ground for relief-that the prosecution withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). Petitioner also filed two motions to compel discovery.

## DISCUSSION

I. Petitioner's Motions to Compel

Petitioner filed two motions to compel discovery. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). "A judge may, for good cause, authorize a party to conduct discovery." Rules Governing § 2254 Cases, Rule 6(a). "A party requesting discovery must provide

---

[1] Providing petitioner the benefit of the mailbox rule, the court deems his petition, dated June 2, 2011, but filed on June 6, 2011, to be filed on June 2, 2011. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

2

reasons for the request." Id., Rule 6(b). In this case, petitioner has not established good cause for discovery. Therefore, petitioner's motions are denied.

II. Summary Judgment

A. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B. Analysis

Respondent argues that petitioner's petition is barred by the statute of limitations. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual

3

> predicate of the claim or claims presented could have been discovered
> through the exercise of due diligence.

Id.

The statutory period began to run in this case on the date petitioner's judgment became final. The North Carolina Court of Appeals denied petitioner's appeal of his conviction on January 6, 2004. Petitioner then had thirty-five (35) days, until February 10, 2004, to file a notice of appeal with the North Carolina Supreme Court where there is an appeal of right and/or a petition for discretionary review. See N.C. R. App. P. 14(a) and 15(b) (petition for discretionary review may be filed within 15 days after issuance of the mandate by the Court of Appeals); N.C. R. App. P. 32(b) (mandate issues 20 days after written opinion unless court orders otherwise). Because petitioner did not file a notice of appeal or a petition for discretionary review to the North Carolina Supreme Court, he is not entitled to an additional ninety (90) days to file a petition for a writ of certiorari in the United States Supreme Court. See Gonzalez v. Thaler, __ S.Ct. __, 2012 WL 43513. *10 (2012). Thus, petitioner's conviction became final on February 10, 2004, when his case became final for purposes of direct appellate review.

The one-year limitation period then began to run on February 10, 2004, and ran for twenty-seven (27) days until petitioner filed his MAR on March 8, 2004. The one year statute of limitations period then was tolled from March 8, 2004, until the superior court denied his MAR on March 15, 2004.[2] Petitioner's statutory period subsequently resumed on March 15, 2004,[3] and expired three

---

[2] The court notes that even if petitioner is allowed statutory tolling until the superior court entered its second order denying petitioner's MAR on July 19, 2004, his action still is time-barred.

[3] The fact that petitioner did not file a petition for a writ of certiorari following the denial of his March 8, 2004, MAR does not operate to toll the statutory period. See Rhue v. Carroll,

4

hundred thirty-eight (338) days later on February 16, 2005.[4] Thus, because petitioner did not file his habeas petition in this court until June 2, 2011, his action is time-barred.

As a defense to the running of the statute of limitations, petitioner argues he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when .

---

No. 5:05-HC-592-BO (E.D.N.C. Aug. 30, 2006) (finding that statute of limitation period is not tolled following the denial of an MAR where petitioner did not file a petition for a writ of certiorari in the Court of Appeals), appeal dismissed, 229 F. App'x 214 (4thCir. 2007) (unpublished); Gooch v. Keller, No. 5:10-HC-2164-FL, 2011 WL 2746462, *4 (E.D.N.C. July 13, 2011), appeal dismissed, No. 11-6985, 2011 WL 5866879 (4th Cir. 2011) (unpublished).

[4]Petitioner's October 13, 2010, state petition for a writ of habeas corpus did not operate to toll the running of the statutory period because under § 2244(d)(1), the statutory period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). Tolling is not permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271, 2006 WL 3407741 (4th Cir. 2006) (unpublished).

5

. . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner argues he is entitled to equitable tolling due to attorney negligence. Generally, an attorney's negligence is not a valid basis to justify equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (finding no equitable tolling where "the missed deadline was the result of an innocent misreading of the statutory provision by his counsel."); but cf, Holland v. Florida, 130 S.Ct. 2549 (2010) (remanding for determination whether counsel's ineffective assistance warranted tolling in view of the diligence exercised by inmate). However, equitable tolling may be available in cases that are more egregious than a "garden variety claim of excusable neglect." United States v. Oriakhi, 394 F. App'x 976, 977 (4th Cir. 2010) (unpublished) (citing Holland, 130 S.Ct. at 2562-65). Extraordinary circumstances may be demonstrated by a showing of extraordinary "failure by the attorney to provide reasonably competent legal work, to communicate with his client, to implement his client's reasonable requests, to keep his client informed of key developments in their case, or to never abandon a client." Id.

Here, petitioner alleges his trial attorney was ineffective because he failed to file an appeal. Petitioner also alleges that North Carolina Prisoner Legal Services ("NCPLS") rendered ineffective assistance because it delayed responding to petitioner's request for representation and refused to return his transcripts. Petitioner, however, fails to explain why his attorney's failure to file a notice of appeal prevented him from complying with the one year statute of limitation period for his § 2254 petition. Further, with respect to his claim that NCPLS provided ineffective assistance, there is evidence in the record that NCPLS informed petitioner that they would not represent him prior to February 15, 2005, which was prior to the expiration of the one year statute of limitations time

6

period. (DE # 14, attach, p. 3.) Moreover, petitioner has not explained how NCPLS' failure to return his transcripts prevented him from complying with the one-year statute of limitation period, especially in light of the fact that NCPLS possessed petitioner's transcripts from his jury selection and not his trial transcripts.[5] Based upon the foregoing, petitioner fails to satisfy the "extraordinary circumstances" standard and is not entitled to equitable tolling on this ground.

Petitioner also asserts his action should be equitably tolled because he is actually innocent of first-degree murder. The Fourth Circuit, however, has not held that actual innocence tolls the one-year AEDPA limitation period. See DiCaprio-Cuozzo v. Johnson, 744 F. Supp. 2d 548, 559 (E.D. Va. 2010) (unpublished); Brooks v. Lee, No. 3:06CV470-03-MU, 2008 WL 4862382, *3 (W.D.N.C. Nov. 10, 2008) (unpublished). Therefore, petitioner is not entitled to tolling on this ground.

Even if petitioner's actual innocence claim could toll the statutory period, he still would not be entitled to relief. In order to establish actual innocence sufficient to excuse a procedural default, a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of new evidence that was not, and could not have been, presented at trial. Schlup v. Delo, 513 U.S. 298, 324-328 (1995). Because petitioner could have asserted his claim that his conviction was obtained without direct or scientific evidence at trial, and certainly prior to the expiration of the period of limitations, his actual innocence claim does not operate to toll the one

---

[5] The court notes that petitioner does not contest the validity of his jury selection process.

year statute of limitations period.[6] Accordingly, petitioner has not alleged any grounds for equitable tolling, and his action is time-barred.

III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting

---

[6] The court notes that petitioner, in part, bases his actual innocence claim on a letter executed by a witness named Bramlett. Petitioner, however, states that he was aware of this witness at the time of trial, and that the alleged letter from this witness was viewed by his attorneys prior to trial. Mem in Supp. of Resp. p. 16 and (DE # 14, p. 1.)

8

Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, petitioner's motions to compel (DE #s 14, 16) are DENIED. respondent's motion for summary judgment (DE # 8) is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This, the 30th day of January, 2012.

*/s/ James C. Fox*
James C. Fox
Senior United States District Judge

9